■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICIA A. HANSON, Appellant.— MEMORANDUM BY THE COURT. Determination of appeal withheld and case remitted to the Rensselaer County Court, at an additional term to be assigned, for further proceedings consistent with the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72). Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ EDWARD USEFORGE, Appellant, v. JERRY G. RUDDLE et al., Respondents.— HERLIHY, J. In an action to recover for personal injuries as the result of an automobile accident, the plaintiff appeals from a judgment after trial upon a verdict by the jury in favor of the defendant. The uncontroverted facts are that on January 29, 1962 at about noontime the plaintiff brought his truck to a stop at the traffic light controlled intersection of New Scotland and Lake Avenues in the City of Albany and that while waiting for the light to change or just starting to move his truck after the light changed, it was struck in the rear by an automobile operated by the defendant Martha Ruddle. There was testimony by the plaintiff that there were some "icy spots" on New Scotland Avenue. The defendant testified that she saw the truck stopped, while some considerable distance away, and continued to operate her automobile at approximately 20 miles an hour and "didn't pay any attention to the light" and "had not noticed their [*sic*] being icy on New Scotland Avenue until I was ready to stop". If the road was slippery at the intersection, the defendant had prior notice thereof as she testified that she was familiar with the road conditions. Under such circumstances, the defendant is not entitled to rely upon the so-called "skidding rule". There is no showing of negligence as to the plaintiff and the implicit finding in the verdict of no negligence as to the defendant is against the weight of the credible evidence. Judgment reversed, on the law and the facts, and a new trial granted, with costs to the appellant. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.